Juan C. Chavez, OSB #136428
Franz Bruggemeier, OSB #163533
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| THOMAS HA, <br><br>     Plaintiffs, <br><br> v. <br><br> DR. GARTH GULICK; DR. ADAM REYNOLDS; and JOHN DOES 1-20, <br><br>     Defendants. | Case No. <br><br><br> COMPLAINT <br><br> Civil Rights Action (42 U.S.C. § 1983); and State Tort Action (Medical Malpractice) <br><br> JURY TRIAL DEMANDED |

This is a civil rights law action against the above-named actors concerning their deliberately indifferent treatment of a prisoner, resulting in the total loss of eyesight in the prisoner's eye. The plaintiff now seeks money damages.

## JURISDICTION

1.    This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4); and has diversity jurisdiction over the State law claim against Defendant Adam Reynolds under 28 U.S. Code § 1332.

///

COMPLAINT
Page 1 of 7

## VENUE

2.     Venue is proper within the District of Oregon because a predominant amount of the events giving rise to this claim occurred in this judicial district, and all but one of the defendants reside in this judicial district. 28 U.S.C. § 1391(b). Defendant Reynolds, upon information and belief, resides in the District of Idaho. The acts and practices alleged herein predominantly occurred in Snake River Correctional Institution, Malheur County, Oregon, and in part in Ada County, Idaho.

## PARTIES

3.     Thomas Ha, Plaintiff, is a citizen of the State of Oregon, and currently resides at Snake River Correctional Institution ("SRCI") in Ontario, Oregon.

4.     Defendant Garth Gulick, M.D. is the head doctor for SRCI and is an employee of the Oregon Department of Corrections ("ODOC"). He is sued in his individual capacity. He is responsible for the medical care of all prisoners residing in SRCI. At all times relevant, he was acting under color of law.

5.     Defendant Adam Reynolds, M.D. is a physician and agent of ODOC. He is sued in his individual capacity. At all times relevant, he was acting under color of law. The acts and/or omissions of Defendant Reynolds occurred in Ada County, Idaho. Upon information and belief, Defendant Reynolds resides in Ada County, Idaho.

6.     Plaintiff does not know the true names and capacities of Defendants sued herein as John Does 1-20, and therefore sues these Defendants by fictitious names. John Does 1-10 are sued in their individual capacity and are State Government nursing staff personnel who exercised command responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in Plaintiff's deprivation of civil rights as hereinafter alleged. John Does

11-15 are sued in their individual capacity and are State Government doctor staff personnel who exercised command responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in Plaintiff's deprivation of civil rights as hereinafter alleged. John Does 16-20 are sued in their individual capacity and are State Government custody staff or personnel who exercised command responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in Plaintiff's deprivation of civil rights as hereinafter alleged.

**FACTUAL ALLEGATIONS**

7. On or about October 15, 2018, Mr. Ha was sent to receive glaucoma-related surgery to relieve pressure in his right eye. Oregon Department of Corrections hired Doctor Adam Reynolds to perform the procedure on their behalf.

8. This procedure had been performed on Mr. Ha on several previous occasions at the Oregon Health and Science University ("OHSU"). Mr. Ha had resided at the Oregon State Penitentiary for most of his time in ODOC's custody. He had built a rapport and developed a course of treatment with the eye care doctors at OHSU. Mr. Ha had informed ODOC that he would rather have his surgery performed by the medical team at OHSU, but Defendants hired Defendant Reynolds instead. Defendant Reynolds claimed he was competent to perform this routine surgical procedure.

9. On or about October 15, 2018, Defendant Reynolds performed the surgery at Eagle Eye Surgery and Laser Center in Meridian, Idaho. Mr. Ha was sent back to Snake River Correctional Institution for post-operative care. Mr. Ha was told that he would regain vision in 72 hours.

10. On or about October 16, 2018, Mr. Ha's eye was in severe pain. It began bleeding, swelling, and he had no vision in his eye. In fact, the pressure in his right eye had lowered significantly, and required medical intervention.

11. That morning, Mr. Ha informed the nursing staff, hereinafter John Does 1-10, of this issue but Mr. Ha received no treatment. These symptoms were consistent with a severe complication with his surgery. Mr. Ha continued to request medical assistance but received none.

12. On or about October 18, 2018, Mr. Ha met with the ophthalmologist at SRCI, Dr. Ned Enyeart. After examining Mr. Ha's eye, Dr. Enyeart stated that Mr. Ha needed to see his surgeon immediately. Mr. Ha anticipated that Dr. Enyeart, and his primary care doctor Defendant Gulick to send him to see Defendant Reynolds.

13. Defendant Gulick is responsible for the medical care of all inmates at SRCI, and he has the responsibility of providing for the continuity of care following invasive surgeries such as the one Mr. Ha had undergone. Defendant Gulick was also Mr. Ha's primary care doctor.

14. Defendants John Does 16-20 had the responsibility of scheduling and transporting Mr. Ha so he could receive medical treatment in a timely manner.

15. Defendants Gulick and John Does 1-20 had the responsibility to transfer Mr. Ha to a medical care facility to be treated, but did not do so.

16. Defendants did not send Mr. Ha to see a doctor until October 22, 2018, six days after Mr. Ha's severe symptoms began and four days after Dr. Eyneart told Mr. Ha that he needed immediate medical attention.Mr. Ha continually suffered from severe pain, bleeding from the eye, and loss of vision during this period. When Mr. Ha saw Defendant Reynolds on October 22, 2018, he told Defendant Reynolds that he had talked to the nursing staff and Dr. Enyeart about his pain and loss of vision. Defendant Reynolds yelled at and cursed at Mr. Ha for talking to the

staff about his apparent surgical mistake. This outburst was so egregious that the two transport officers who brought Mr. Ha to his appointment wrote reports on Mr. Ha's behalf.

17. After moving back to Oregon State Penitentiary the following January of 2019, Mr. Ha resumed receiving health care at the Oregon Health and Science University in Portland, Oregon. His doctors at OHSU explained to Mr. Ha that the surgery and subsequent treatment had caused the near total loss of vision in his right eye that he had been experiencing. He was told his vision will not likely return.

**Claim 1**
**(42 U.S.C. § 1983: Deliberate Indifference to a Serious Medical Need and Substantial Risk)**

18. Plaintiff re-alleges and incorporates Paragraphs 1 through 17.

19. All named Defendants are persons under within the meaning of 42 U.S.C. § 1983.

20. The individual Defendants were deliberately indifferent to Mr. Ha's serious medical in not rendering aid to Mr. Ha when he clearly presented symptoms of a serious post-operative emergency, and by not transporting Mr. Ha to see a competent medical specialist in a timely manner. Defendant Reynolds did not perform an adequate surgery for Mr. Ha, and blinded him in the right eye in the process. In taking these actions, Defendants were deliberately indifferent to Mr. Ha's serious medical needs, and were deliberately indifferent to a serious risk of harm to him, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

21. Because of the individually-named Defendants' violations of Mr. Ha's rights, Plaintiff suffered and continues to suffer physical and emotional pain from every aspect of this ordeal. Plaintiff will not likely regain eyesight in his right eye, and now suffers from the attendant consequences of that. Defendants' actions is the direct and proximate cause of Mr. Ha's pain,

suffering, anxiety, and discomfort. Mr. Ha still suffers from the frustration at being unable to access adequate medical care.

22.    Plaintiff will likely incur medical bills following his incarceration owing to Defendants acts and omissions, and/or be made liable for his medical bills by ODOC per OAR 291-203-0040. He will also likely incur future medical bills because of the loss caused by Defendants. Additionally, losing eyesight in one eye will impair his ability to gain employment in the future.

23.    As a direct and proximate result of the defendants' acts or omissions, Plaintiff has incurred economic and non-economic damages in an amount to be determined by a jury.

### Claim 2
### (State Law: Medical Malpractice)

24.    Mr. Ha restates and incorporates here the allegations in paragraphs 1 through 23.

25.    Defendant Reynolds owed Mr. Ha a heightened duty of reasonable care. It was foreseeable that failing to perform an adequate surgery and provide adequate follow up care would result in a serious harm, like loss of eyesight.

26.    In partly blinding Mr. Ha in one eye, Defendant Reynolds breached the duty of care he owed to Mr. Ha.

27.    But for Defendant Reynolds' breach of care, Mr. Ha is now blind in his right eye.

28.    Plaintiff will likely incur medical bills following his incarceration owing to Defendant Reynolds' negligent acts and omissions, and/or be made liable for his medical bills by ODOC per OAR 291-203-0040. He will also likely incur future medical bills because of the loss caused by Defendants. Additionally, losing eyesight in one eye will impair his ability to gain employment in the future.

29.     As a direct and proximate result of the defendants' acts or omissions, Plaintiff has incurred economic and non-economic damages in an amount to be determined by a jury to be no greater than $700,000.

### REASONABLE ATTORNEY'S FEES AND COSTS

30.     42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

31.     Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

### DEMAND FOR JURY TRIAL

32.     For all claims alleged in this Complaint, Plaintiff demands a jury trial.

### CONCLUSION

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      For economic and non-economic damages in an amount to be determined at trial;

B.      For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988; and

C.      Such other relief as the court deems just and proper.

DATE:  October 15, 2020.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB #136428
Attorney for Plaintiff

/s/ Franz H. Bruggemeier
Franz H. Bruggemeier, OSB #163533
fbrugemeier@ojrc.info

Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Tel: (503) 944-2270